## Williams *v.* City of Uniontown, Appellant.

*Municipalities—Police officers—Salary—Right to recover.*

An assistant chief of police, regularly elected by the borough council, who entered upon his duties, and performed them, until prevented by the burgess, is entitled to recover from the municipality the salary due him for the balance of the time he remained ready to serve, and during which the council had authority to continue him in office. Plaintiff, having admitted that during the time he was deprived of his office, he was able to earn all but $500 of the salary for which he made claim, judgment was properly entered in his favor for $500.

Argued April 18, 1922. Appeal, No. 139, April T., 1922, by defendant, from judgment of C. P. Fayette Co., June T., 1916, No. 94, on verdict for plaintiff, in the case of S. M. Williams v. City of Uniontown. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit to recover salary as police officer. Before REPPERT, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $500, and judgment thereon. Defendant appealed.

194    WILLIAMS *v.* UNIONTOWN, Appellant.

Assignment of Errors—Opinion of the Court. [79 Pa. Superior Ct.

*Errors assigned* were various rulings on evidence, portions of the charge and the action of the court in refusing defendant's motion of judgment non obstante veredicto.

*D. W. McDonald,* for appellant.—A policeman is a subordinate ministerial officer, whose term is during pleasure: Com. ex rel. Reynolds v. Bussier, 5 S. & R. 45; Com. v. Black, 201 Pa. 433.

The borough was not liable for the illegal acts of its, burgess: Betham v. Phila., 196 Pa. 302; Miller v. Hastings Boro., 25 Pa. Superior Ct. 569.

*Joseph J. Baer,* for appellee.—Plaintiff, having been elected and never discharged, his term was during the existence of the council that hired him. Having established in a former action his right to salary for a part of the period, his right to recover the balance was res adjudicata: Allen v. International Text Book Co., 201 Pa. 579; Jenkins v. City of Scranton, 205 Pa. 598; Speier v. Locust Laundry, 63 Pa. Superior Ct. 99.

OPINION BY HENDERSON, J., July 13, 1922:

The relevant facts in this case are not disputed. The plaintiff was elected assistant chief of police of the Borough of Uniontown by the borough council on January 5, 1914; no period of tenure of office being fixed. He took the oath of office and entered on the performance of his duties and so continued until August 1, 1914, when the burgess undertook to discharge him, and did prevent him from further performing his duties, proceeding to the extent of having him arrested for impersonating an officer. It was proved that he repeatedly tendered his services as such officer, and that the council instituted mandamus proceedings against the burgess to compel him to reinstate the plaintiff or to prefer charges against him. No charges were preferred before the council by the burgess. It is conceded that the plaintiff was never

removed from his position and that he never resigned. He brought an action in the Court of Common Pleas of Fayette County for his salary from August 1, 1914, to November 15, 1914, in which the court gave judgment for the plaintiff which judgment was paid. The present action was brought to recover the balance due for the remainder of a two years' period from the date of the plaintiff's appointment, after which time he does not claim to have been an officer of the borough. It was admitted by the plaintiff that he could have earned during the period all of his demand in excess of $500. A verdict was therefore directed for that amount. The appellant first contends that the plaintiff was not elected for a period of two years, and that may be conceded. He does not claim to have been elected for a longer period, and the power of the council to continue him in office for that length of time not being disputed and the fact being admitted that he neither resigned nor was dismissed, the conclusion necessarily follows that he may recover his salary for as much of the period during which he was ready to serve as it remained unpaid. His action is based on a contract of employment which continued at least as long as the time for which he claims compensation.

The action is not brought for an illegal act of the burgess as seems to be assumed in the argument of the appellant. The relation was contractual. The plaintiff's injury arose from the failure of the employer to pay the wages agreed on. The interference of the burgess probably caused this failure, but did not relieve the defendant from the obligation of the contract.

It is unimportant whether, as contended by the appellee, the judgment in the first action for salary is res adjudicata as to this action. The appellant contends that the lines of defense are not the same and could not have been introduced in the former trial. We need not discuss this subject, however, for the plaintiff's claim is not successfully resisted on any ground.

The judgment is affirmed.